IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 11011 MLW

| | |
|---|---|
| MARJORIE HYPPOLITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NOTICE OF REMOVAL OF |
| v. | ) CIVIL ACTION |
| | ) |
| ELECTRONIC DATA SYSTEMS | ) CASE NO. |
| CORPORATION, | ) |
| | ) JUDGE |
| Defendant. | ) MAGISTRATE JUDGE |

RECEIPT # 64344
AMOUNT $ 50
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. PDM
DATE 5-17-05

TO: UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS

Defendant Electronic Data Systems Corporation ("EDS"), by and through its attorneys, hereby notices removal of this suit from the Superior Court of Norfolk County of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, and respectfully submit to this Honorable Court:

1. The Complaint was served upon EDS on April 26, 2005. (A copy of the Summons and Complaint served on EDS is attached hereto as Exhibit A).

2. This is an action in which this Court has original jurisdiction because this Court has diversity jurisdiction over this lawsuit and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) and § 1446(b).

3. As admitted in the Complaint, plaintiff is a citizen of the Commonwealth of Massachusetts. (Complaint ¶ 1) (Stating that plaintiff "is an adult resident of the state of Massachusetts").

4. EDS is a Delaware corporation with its corporate headquarters and principal place of business in Texas. (Declaration of Karie Dalton at ¶ 2, attached hereto as Exhibit B). Accordingly, EDS is not a citizen of the Commonwealth of Massachusetts.

5. As evidenced by the attached Complaint and Declaration of Karie Dalton, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Specifically, Plaintiff is seeking damages for lost wages. Plaintiff's salary at the time of her separation from EDS on May 8, 2003 was $35,008.00 per year. (Dalton Dec. ¶ 4). Thus, her potential back pay damages alone are over $70,000. Plaintiff also is seeking damages for emotional distress, attorneys fees and punitive damages, which would further add to the amount in controversy in this case. (Complaint, ¶¶ 32-33.)

6. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and because it is a civil action between citizens of different states.

7. The United States District Court for the District of Massachusetts, therefore has original jurisdiction over this matter.

8. Accordingly, this action is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) and § 1446(b).

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after service of the Complaint on EDS.

10. As required by 28 U.S.C. § 1446(d), Defendants have provided written notice of the filing of this Notice of Removal to David Green of Alford & Bertrand, LLC, 60 Arsenal Street, Post Office Box 332, Watertown, MA 02471-0322, and have filed a copy of the Notice of

Filing Notice of Removal with the Clerk of the Superior Court for Norfolk County of the Commonwealth of Massachusetts. (A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C).

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), EDS removes this case from the Superior Court for Norfolk County of the Commonwealth of Massachusetts to this Honorable Court.

Respectfully submitted,

/s/

Joseph P. McConnell (BBO #566412)
Leah M. Moore (BBO # 658217)
**Morgan, Brown & Joy LLP**
200 State Street
Boston, Massachusetts 02109
617-523-6666 (Telephone)
617-367-3125 (Facsimile)


Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Kelly M. King (OH0076613)
kking@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

*Pro Hac Vice* to be Submitted

*Attorneys for Defendant EDS*

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Removal of Civil Action* was served upon Plaintiff's counsel David Green, Alford & Bertrand, LLC, via regular U.S. mail on the 17 day of May, 2005.

_____
*Attorney for Defendant EDS*

C:\Documents and Settings\kking\Local Settings\Temporary Internet Files\OLK5\hyppolite notice of removal of civil action.DOC

06-02-05   16:24   From-EDS Leg. Affairs   972 605 0791   T-483   P.004/010   F-103

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05 1101 MLW

MARJORIE HYPPOLITE ......................., Plaintiff(s)

v.

ELECTRONIC DATA SYSTEMS CORPORATION ......................., Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon David Gree, Esquire, plaintiff's attorney, whose address is P.O. Box 322, Watertown, MA 02471-0322, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham the 14th day of April, in the year of our Lord two thousand and five.

Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

05-02-05   16:24   From-EDS Legal Affairs         972 605 0791         T-463   P.005/010   F-103

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated:                     , 20        ..............................................................................

N. B.  TO PROCESS SERVER:-
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
       DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

................................., Plaintiff

v.

................................., Defendant

SUMMONS
(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT
                                            DOCKET NO: REQUESTED

*******************************
MARJORIE HYPPOLITE          *
      PLAINTIFF             *
                            *
      V.                    *
                            *
ELECTRONIC DATA SYSTEMS     *
CORPORATION                 *
      DEFENDANT             *
*******************************

## COMPLAINT

### PARTIES

1. The Plaintiff, Marjorie Hyppolite, is an adult resident of the state of Massachusetts, residing at 93 Lafayette Street, Randolph, Massachusetts.

2. The Defendant, Electronic Data Systems Corporation, is a duly organized corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts and with locations throughout Massachusetts, including One Boston Scientific Place, Natick, Massachusetts.

### FACTS

3. Defendant, Electronic Data Systems Corporation, discriminated against Plaintiff on the basis of race and color and retaliated against her when she complained of such conduct.

4. Such conduct occurred at Defendant's facility, located at One Boston Scientific Place, Natick, Massachusetts (hereinafter "the facility".)

5. Plaintiff was employed by Defendant since 1997.

6. In May 1999, Plaintiff was transferred to a different department, where she was the only Black woman.

7. Since the beginning of her employment, Plaintiff was scolded for minor incidents (such as late e-mails).

8. Plaintiff's review inaccurately stated that she was only involved in troubleshooting, when Plaintiff was involved with many other duties of a Coordinator.

May-10-05   13:32    From-ALFORD & BERTRAND,LLC         617-924-7780         T-142  P.02/02  F-985

9. Sometime in 2000, Plaintiff received a negative review, although she was informed by her manager that she was doing a "great job" and that her job title would change to Coordinator.

10. Plaintiff continually asked about the title change and was not given any response.

11. On August 16, 2002, Plaintiff was informed that she was not performing well, was asking too many questions and not doing required training, which were false.

13. Plaintiff is aware of other employees not in her protected class, who are Coordinators, receive higher pay, have less experience than Plaintiff and do not have as much responsibility as Plaintiff.

14. New hires not in Plaintiff's protected class are hired at a higher level and higher pay when they have less experience and less seniority than Plaintiff.

15. On August 19, 2002, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination as a result of the above treatment.

16. After the discrimination complaint was filed, Plaintiff started receiving e-mails from Defendant complaining about her performance and suggesting that customers had also complained about Plaintiff.

17. Plaintiff has received numerous e-mails from clients thanking her for helping them solve their problems.

18. Plaintiff was due to receive a review in October 2002, but did not receive it until May 2003, although everyone else received their reviews on time.

19. On or about April 18, 2003, Plaintiff's supervisor (team leader), Mike Caropi, was questioning her work and spoke to Plaintiff abruptly when she asked him a question.

20. Although Plaintiff complained about this conduct to Caropi, no action was taken.

21. Subsequently, Susan Curran (my manager) and Caropi came into Plaintiff's cubicle and started yelling at her.

22. Plaintiff waited until the end of the day and approached Curran after work, who informed Plaintiff that she was being insubordinate, which is false.

23. On May 8, 2003, Chris Kutser informed Plaintiff that she was being terminated for being insubordinate.

24. Plaintiff was forced to leave the building and was not allowed to turn off her computer.

05-02-05    16:25    From-EDS Leg. Affairs    972 605 0791    T-463    P.007/010    F-103

25. None of Plaintiff's White co-workers treated in such a manner.

### COUNT I - VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION STATUTE, MASSACHUSETTS GENERAL LAW, CHAPTER 151B BY DEFENDANT, ELECTRONIC DATA SYSTEMS CORPORATION
(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 25 above and incorporates the same herein by reference.)

26. Defendant, Electronic Data Systems Corporation discriminated against Plaintiff and retaliated against her in compensation or in the terms, conditions or privileges of employment.

27. Defendant, Electronic Data Systems Corporation's, violation of Massachusetts General Law, Chapter 151B has caused the Plaintiff to suffer severe emotional distress, lost wages and other damages, which will be proven at trial.

### COUNT II - WRONGFUL DISCHARGE BY DEFENDANT, ELECTRONIC DATA SYSTEMS CORPORATION
(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 27 above and incorporates the same herein by reference.)

28. Defendant, Electronic Data Systems Corporation, terminated Plaintiff because she complained about discrimination while she was employed at Defendant's facility and in retaliation for filing a complaint at the Massachusetts Commission Against Discrimination.

29. As a result of Electronic Data Systems Corporation's wrongful discharge of Plaintiff, she was caused to suffer severe emotional distress, lost wages and other damages, which will be proven at trial.

### COUNT III - BREACH OF IMPLIED CONTRACT OF EMPLOYMENT BY DEFENDANT, ELECTRONIC DATA SYSTEMS CORPORATION
(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 29 above and incorporates the same herein by reference.)

30. Defendant, Electronic Data Systems Corporation, violated the duty of good faith and fair dealing implied in Plaintiff's employment contract or at will relationship when it discriminated against Plaintiff and retaliated against her

31. Defendant, Electronic Data Systems Corporation, violated the duty of good faith and fair dealing implied in Plaintiff's employment contract or at will relationship when it terminated her employment because she complained about the discrimination.

05-02-05    16:25    From-EDS Legal Affairs                    972 605 0791           T-463   P.008/010   F-103

32. As a result of Defendant, Electronic Data Systems Corporation's, breach of their implied contract of employment, Plaintiff suffered severe emotional distress, lost wages and other damages, which will be proven at trial.

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of her damages, including pain and suffering, punitive damages, costs and interest.

Plaintiff demands a jury trial on all counts.

Plaintiff,
by her attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322
(617) 926-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MARJORIE HYPPOLITE,** | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE** |
| v. | ) | |
| | ) | |
| **ELECTRONIC DATA SYSTEMS** | ) | <u>**DECLARATION OF KARIE**</u> |
| **CORPORATION,** | ) | <u>**DALTON**</u> |
| | ) | |
| Defendant. | ) | |

KARIE DALTON declares upon her oath that she is of full age, sound mind, and has personal knowledge of the following facts:

1. I am a Legal Assistant employed by the Legal Department of Electronic Data Systems Corporation ("EDS").

2. EDS is a Delaware corporation with its corporate headquarters in Plano, Texas, and its principal place of business is Texas.

3. In my capacity as a Legal Assistant, I have access to EDS' Computerized Administrative System (CAS). In the regular course of business, personnel data from all EDS employees is input into this database by, or from information transmitted by, persons with knowledge of that information.

4. Based on the information maintained in CAS in the usual course of EDS' regularly conducted business activities, at the time of her termination, EDS was paying Marjorie Hyppolite an annual salary of $35,008.00.

5.   I am competent to testify about each of these matters which are within my personal knowledge.

Pursuant to 28 U.S.C. Section 1745, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/13/05

Karie Dalton

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss            SUPERIOR COURT DEPT. OF THE
TRIAL COURT CASE NO. 04-4429

| | |
|---|---|
| MARJORIE HYPPOLITE, | ) |
| Plaintiff, | ) |
| v. | ) NOTICE OF FILING NOTICE OF |
| | ) REMOVAL OF CIVIL ACTION |
| ELECTRONIC DATA SYSTEMS | ) |
| CORPORATION, | ) |
| Defendant. | ) |

TO:   Clerk
Superior Court for Norfolk County
650 High Street
Dedham, Massachusetts 02026

**PLEASE TAKE NOTICE**, that on May 17, 2005, Electronic Data Systems Corporation (EDS), by and through its attorneys, filed in the United States District Court of Massachusetts their Notice of Removal of Civil Action to said District Court. (A copy of the Notice of Removal is attached hereto as Exhibit A for filing with the Court.)

**PLEASE TAKE FURTHER NOTICE**, that pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Filing Notice of Removal with the Superior Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

/s/ [signature]
_____
Joseph P. McConnell (BBO #566412)
Leah M. Moore (BBO # 658217)
**Morgan, Brown & Joy LLP**
200 State Street
Boston, Massachusetts 02109
617-523-6666 (Telephone)
617-367-3125 (Facsimile)

Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Kelly M. King (OH0076613)
kking@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

*Pro Hac Vice* to be Submitted

*Attorneys for Defendant EDS*

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action* was served upon Plaintiff's counsel David Green, Alford & Bertrand, LLC, via regular U.S. mail on the 17th day of May, 2005.

*Attorney for Defendant EDS*

C:\Documents and Settings\kking\Local Settings\Temporary Internet Files\OLK5\Hyppolite Notice of filing notice of removal.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Hyppolite v. EDS Corp.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    **05 11011 MLW**

    ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐   NO ☒

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division ☐   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Joseph P. McConnell, Esq.
                 Leah M. Moore, Esq.
ADDRESS  Morgan, Brown & Joy, LLP, 200 State Street, 11th Fl., Boston, MA 02109-2605
TELEPHONE NO.  (617) 523-6666

(Coversheetlocal.wpd - 10/17/02)

≈JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marjorie Hyppolite | Electronic Data Systems Corp. |

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) David Green, Esq
Alford & Bertrand, 60 Arsenal St.,
P.O. Box 322 Watertown, MA 02471
(617) 926-8800

Attorneys (If Known) Joseph P. McConnell, Esq.
Leah M. Moore, Esq.
Morgan, Brown & Joy, LLP, 200 State St.
11th Fl., Boston, MA 02109-2605 (617)523-6666

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question   (U.S. Government Not a Party)
☒ 4   Diversity   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Secs. 1441 (a) and (b) and Sec. 1446(b)
Brief description of cause: employment discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 5/17/05   SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____