EXHIBIT 1

# BAKER
### &
# HOSTETLER LLP
### COUNSELLORS AT LAW

3200 NATIONAL CITY CENTER  •  1900 EAST 9TH STREET  •  CLEVELAND, OHIO 44114-3485  •  (216) 621-0200  •  FAX (216) 696-0740

MARTIN T. WYMER
WRITER'S DIRECT DIAL NUMBER (216) 861-6021
E-MAIL: MWYMER@BAKERLAW.COM

September 7, 2005

**VIA FACSIMILE:  (617) 924-7780**
**AND U.S. MAIL**

David Green, Esq.
Albord & Bertrand, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322

Re:    Hyppolite v. EDS

Dear Mr. Green:

I have attached the following documents regarding the captioned matter:

1.    Defendant's Initial Disclosures;

2.    Defendant's First Set of Interrogatories to Plaintiff; and

3.    Defendant's First Request for Production of Documents to Plaintiff.

Upon receiving Plaintiff's responses to Defendant's discovery requests, I would like to schedule Plaintiff's deposition. Kindly contact me to discuss available dates.

Thank you for your attention to these matters.

Very truly yours,

Martin T. Wymer

Attachments

cc:    Electronic Data Systems Corporation (w/attachments)
       Joseph P. McConnell, Esq. (w/attachments)
       Leah M. Moore, Esq. (w/attachments)
       Kelly M. King, Esq.

CINCINNATI  •  CLEVELAND  •  COLUMBUS  •  COSTA MESA  •  DENVER  •  HOUSTON  •  LOS ANGELES  •  NEW YORK  •  ORLANDO  •  WASHINGTON
*International Affiliates–SÃO PAULO, BRAZIL  •  JUÁREZ, MEXICO*
www.bakerlaw.com

EXHIBIT 2

## ALFORD & BERTRAND, LLC

**ATTORNEYS AT LAW**
**60 ARSENAL STREET**
**POST OFFICE BOX 322**
**WATERTOWN, MA 02471-0322**

Harvey Alford, Esquire
Donald J. Bertrand, Esquire
Stuart Alford, Esquire
Paul R. Chomko, Esquire
David M. Green, Esquire

(617) 926-8800
FAX (617) 924-7780
E-mail: attorneys@alfordandbertrand.com

**Offices in Watertown**
**Mattapan, Quincy & Lynn**

October 24, 2005

Kelly King, Esq.
Baker & Hostetler
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485

Leah Miriam Moore, Esq.
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109

RE:    Hyppolite v. Electronic Data Systems Corp.
Docket No:    05 11011-MLW

Dear Counsel:

Enclosed please find:

1.    Plaintiff's Answers to First Set of Interrogatories Propounded by Defendants; and
2.    Certificate of Service.

Thank you for your cooperation and attention in this matter.

Sincerely,

ALFORD & BERTRAND, LLC

DAVID GREEN, ESQUIRE
enclosure

EXHIBIT 3

# BAKER
### &
# HOSTETLER LLP
### COUNSELLORS AT LAW

3200 National City Center • 1900 East 9th Street • Cleveland, Ohio 44114-3485 • (216) 621-0200 • Fax (216) 696-0740

KELLY M. KING
WRITER'S DIRECT DIAL NUMBER (216) 861-7588
E-MAIL: KKING@BAKERLAW.COM

November 2, 2005

**VIA FACSIMILE:  (617) 924-7780**

David Green
Alford & Bertrand, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322

> Re:    Hyppolite v. EDS

Dear Mr. Green:

I have received Plaintiff's Answers to First Set of Interrogatories Propounded by Defendant. However, I have not received documents responsive to Defendant's First Request for Production of Documents. Please send the documents by Wednesday, November 9, 2005. EDS will promptly remit payment for copying expenses associated with your document production upon receipt of an invoice.

Also, I've enclosed a Notice of Plaintiff's Deposition for November 30, 2005. If that date is not convenient for you or your client, please let me know by Monday, November 7, 2005. If I do not hear from you, we will make travel arrangements for November 30, 2005.

Thank you for your attention to these matters.

Very truly yours,

Kelly M. King

Enclosure

cc:    Electronic Data Systems Corporation
       Joseph McConnell, Esq.
       Leah M. Moore, Esq.
       Martin T. Wymer, Esq.

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON
*International Affiliates*–SÃO PAULO, BRAZIL • JUÁREZ, MEXICO
www.bakerlaw.com

EXHIBIT 4

# BAKER
### &
# HOSTETLER LLP
### COUNSELLORS AT LAW

---

3200 NATIONAL CITY CENTER • 1900 EAST 9TH STREET • CLEVELAND, OHIO 44114-3485 • (216) 621-0200 • FAX (216) 696-0740

KELLY M. KING
WRITER'S DIRECT DIAL NUMBER (216) 861-7588
E-MAIL: KKING@BAKERLAW.COM

November 16, 2005

**VIA FACSIMILE: (617) 924-7780**
**AND MAIL**

David Green, Esq.
Alford & Bertrand, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322

Re:    Marjorie Hyppolite v. Electronic Data Systems Corporation

Dear Mr. Green:

Please be advised that David Posner, a partner at Baker & Hostetler LLP, will be taking over for Marty Wymer as lead counsel on this case. Mr. Posner is not available to take Ms. Hyppolite's deposition on November 30, 2005. Accordingly, please provide dates that Ms. Hyppolite is available for deposition during the weeks of December 5 and December 12, 2005.

Additionally, I have reviewed Plaintiff's Answers to EDS' First Set of Interrogatories which you served on October 24, 2005. Plaintiff provided incomplete answers to a number of the Interrogatories. Please supplement Plaintiff's Answers to EDS' First Set of Interrogatories by Tuesday, November 29, 2005.

Specifically, please provide the following information:

Interrogatory No. 1:

    a.  The dates Plaintiff first applied for employment at AT&T Wireless;

    b.  The position Plaintiff held while employed at AT&T Wireless;

    c.  The amount of Plaintiff's salary and commissions received during her employment at AT&T Wireless; and

---

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON
*International Affiliates*–SÃO PAULO, BRAZIL • JUÁREZ, MEXICO
www.bakerlaw.com

David Green, Esq.
November 16, 2005
Page 2

Interrogatory No. 8:

The names of Plaintiff's former co-workers whom she believes have knowledge of the factual basis for her claims against EDS.

Also, we have not received documents or responses to EDS' Request for Production. Please provide the responsive documents by Tuesday, November 29, 2005. It is our hope that we can avoid involving the Court in attempting to induce Plaintiff to comply with her discovery obligations.

Thank you for your attention to these matters.

Very truly yours,

Kelly M. King

cc:    Electronic Data Systems Corporation
       Leah M. Moore, Esq.
       David A. Posner, Esq.

82058, 00218, 500955574.2, 11.16.05 ltr to green(2)

EXHIBIT 5

# ALFORD & BERTRAND, LLC
## ATTORNEYS AT LAW
### 60 ARSENAL STREET
### POST OFFICE BOX 322
### WATERTOWN, MA 02471-0322

Harvey Alford, Esquire
Donald J. Bertrand, Esquire
Stuart Alford, Esquire
Paul R. Chomko, Esquire
David M. Green, Esquire

(617) 924-9800
FAX (617) 924-7780
E-mail: attorneys@alfordandbertrand.com

Offices in Watertown
Mattapan, Quincy & Lynn

## FACSIMILE COVER SHEET

**DATE:**    November 17, 2005

**TO:**    Kelly King

**FAX NO.:**    (216) 696-0740

**NO. OF PAGES TO FOLLOW:**    0

**RE:**    Hyppolite v. EDS

I have received your facsimile requesting to conduct Plaintiff's deposition on a different date. Please be advised that the only date that I have free during the weeks of December 5 and December 12 is on December 7. Please advise me whether you are available on that date. Please be advised that I intend to file discovery responses prior to November 29.

Thank you for your cooperation and attention in this matter.

Sincerely,
ALFORD & BERTRAND, LLC


DAVID GREEN, ESQUIRE

EXHIBIT 6

# MORGAN, BROWN & JOY
### ATTORNEYS AT LAW
### 200 STATE STREET
### BOSTON, MASSACHUSETTS 02109-2605

### FAX COVER SHEET

**Telephone:**          (617) 523-6666          Facsimile (617) 367-3125

**To:**          Kelly King, Esq. and
                 David Posner, Esq.

**Number Called:**   **617-236-5885**

**Phone Number:**

**From:**          Leah M. Moore, Esq.

**Date:**          December 6, 2005

**Re:**            *Hyppolite v. EDS*

**Number of pages to follow:** 4 page(s)

Please see attached.

Please contact us at the above number if you have not received all the pages of this transmission.

### CONFIDENTIALITY NOTICE
The documents accompanying this facsimile transmission are confidential, and intended only for the use of the individual to whom the transmission is directed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for retrieval of the original documents at no cost to your office. Thank you for your assistance.

# ALFORD & BERTRAND, LLC

**ATTORNEYS AT LAW**
60 ARSENAL STREET
POST OFFICE BOX 322
WATERTOWN, MA 02471-0322

(617) 926-8800
FAX (617) 924-7780
E-mail: attorneys@alfordandbertrand.com

Offices in Watertown
Mattapan, Quincy & Lynn

Harvey Alford, Esquire
Donald J. Bertrand, Esquire
Stuart Alford, Esquire
Paul R. Chomko, Esquire
David M. Green, Esquire

## FACSIMILE COVER SHEET

**DATE:** December 6, 2005

**TO:** Kelly King/ Leah Moore

**FAX NO.:** (617) 367-3125

**NO. OF PAGES TO FOLLOW:** 3

**RE:** Hyppolite v. EDS
Docket No: 0511011-MLW

Plaintiff's Response to Defendant's Request for the Production of Documents follow. I apologize for not sending this earlier.

Thank you for your cooperation and attention in this matter.

Sincerely,
ALFORD & BERTRAND, LLC

DAVID GREEN, ESQUIRE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NUMBER
05 11011-MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*

MARJORIE HYPPOLITE,
PLAINTIFF

V.

ELECTRONIC DATA SYSTEMS
CORPORATION
DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**RESPONSE 1:** A copy shall be produced upon receipt of same.

**RESPONSE 2:** There are no responsive documents in the current possession, custody or control of the Plaintiff.

**RESPONSE 3:** A copy shall be produced upon receipt of same.

**RESPONSE 4:** There are no responsive documents in the current possession, custody or control of the Plaintiff.

**RESPONSE 5:** There are no such documents referenced in Interrogatory Answer No. 4.

**RESPONSE 6:** A copy shall be produced upon receipt of same.

**RESPONSE 7:** The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested. Without waiving, Plaintiff directs Defendant to all documents filed in this Response to the Production of Documents, as well as all pleadings filed. Plaintiff reserves the right to supplement this response, if further responsive documents become available during the course of discovery.

**RESPONSE 8:** The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested.

**RESPONSE 9:** There are no responsive documents in the current possession, custody or control of the Plaintiff.

RESPONSE 10:     There are no responsive documents in the current possession, custody or control of the Plaintiff.

RESPONSE 11:     There are no such documents referenced in Interrogatory Answer No. 9.

RESPONSE 12:     The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested. Without waiving, Plaintiff directs Defendant to all documents filed in this Response to the Production of Documents, as well as all pleadings filed. Plaintiff reserves the right to supplement this response, if further responsive documents become available during the course of discovery.

RESPONSE 13:     The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested. Without waiving, Plaintiff directs Defendant to all documents filed in this Response to the Production of Documents, as well as all pleadings filed. Plaintiff reserves the right to supplement this response, if further responsive documents become available during the course of discovery.

RESPONSE 14:     None.

RESPONSE 15:     Such a determination has not yet been made, but Defendant will be provided with any such documentation in a timely manner.

RESPONSE 16:     Such a determination has not yet been made, but Defendant will be provided with any such documentation in a timely manner.

RESPONSE 17:     None.

RESPONSE 18:     There are no responsive documents in the current possession, custody or control of the Plaintiff.

RESPONSE 19:     A copy shall be produced upon receipt of same.

RESPONSE 20:     The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested.

RESPONSE 21:    The Plaintiff objects on the grounds that the information sought by the Defendant is overly broad, burdensome and vague as to what is specifically requested.

By Plaintiff's Attorney,

David Green, Esquire
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322
(617) 926-8800

## CERTIFICATE OF SERVICE

I, Harvey Alford, Esquire, certify that a copy of the foregoing has been served, via facsimile, postage prepaid, upon the following this 6 day of December, 2005;

Leah Moore, Esq.
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 367-3125

David Green, Esquire

EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARJORIE HYPPOLITE, | ) | CASE NO. 1:05-cv-11011-MLW |
| | ) | |
| Plaintiff, | ) | JUDGE MARK L. WOLF |
| | ) | |
| | ) | Magistrate Judge Leo T. Sorokin |
| v. | ) | |
| | ) | |
| ELECTRONIC DATA SYSTEMS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

NOW COMES Defendant Electronic Data Systems Corporation ("EDS"), by and through the undersigned counsel, and hereby requests, pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff produce the documents and things described below for inspection and copying **within thirty (30) days of service** at Defendant's counsel's office, Baker & Hostetler LLP, 3200 National City Center, 1900 East Ninth Street, Cleveland, Ohio 44114. Alternatively, a copy of the documents may be forwarded to Baker & Hostetler LLP, 3200 National City Center, 1900 East Ninth Street, Cleveland, Ohio 44114, Attn: Kelly M. King, Esq., within thirty (30) days of service.

I.        **INSTRUCTIONS AND DEFINITIONS**

A.        As used herein, the term "EDS" refers to Defendant Electronic Data Systems Corporation.

B.    In responding to this Request, all requested documents in Plaintiff's possession, custody, or control are to be produced. This includes documents in the possession, custody, or control of Plaintiff's attorneys or their investigators, or of any third party or parties to whom Plaintiff has surrendered possession, custody, or control or who are acting on her behalf, or who have otherwise obtained possession, custody, or control, or who, upon her request, would surrender possession, custody, or control to Plaintiff.

C.    As used herein, the term "document" or "documents" includes, without limitation, the original or any copies, regardless of origin or location, of any correspondence, book, pamphlet, periodical, application, agreement, appointment calendar, letter, calendar or diary entry, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, computer storage device, or any other media to which Plaintiff has or had access, and any copies or reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, including drafts. The term "document" or "documents" also specifically shall include any and all data produced, recorded or copied by Plaintiff during her employment with EDS, including but not limited to all software, tapes, and/or floppy disks, and any hard copies produced therefrom. Designated documents are to be considered as including all attachments, enclosures, and other documents that relate or refer to such designated documents. The enumeration of various specific items as included within the definition of the term

"document" or "documents" shall not be taken to limit the generality of the terms, and the requests herein are intended to obtain all documents in the broadest and most comprehensive sense and meaning of the term.

D.    Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation.

E.    If Plaintiff cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Plaintiff's inability to answer the remainder and stating whatever information and knowledge she has concerning the document she is unable to produce.  If any such document was, but is no longer in her possession, custody, or control, state how it was disposed of and the reason for such disposition.

F.    If any document called for by this Request has been destroyed, the document is to be identified as follows:

1.    Addressor (if applicable);

2.    Addressee (if applicable);

3.    Indicated or blind copies;

4.    Date;

5.    Subject matter;

6.    Number of pages;

7.    Attachments and appendices;

8.    All persons to whom it was distributed, shown or explained;

9.    Date of destruction;

10.    Manner and reason for destruction;

11.    Person who authorized destruction; and

12.    Person who destroyed the document.

G.    If any document called for by this Request is withheld on the basis of a claim of privilege, identify the document as follows:

1.    Addressor (if applicable);

2.    Addressee (if applicable);

3.    Indicated or blind copies;

4.    Date;

5.    Subject matter;

6.    Number of pages;

7.    Attachments and appendices;

8.    All persons to whom it was distributed, shown, or explained; and

9.    Present custodian and nature of the privilege asserted.

H.    These Requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**

Plaintiff's local, state and federal tax returns, including all supporting schedules, W-2s, and

1099s, and as filed with the applicable governmental agency, for the years 2002-2004.

**RESPONSE:**

**Request No. 2**

All documents which refer to, relate to, shed light upon, describe, reflect and/or evidence

attempts by Plaintiff to search for or obtain employment since May 8, 2003, including any cover

letters, resumes, log books, return and follow-up correspondence and all other such documents.

**RESPONSE:**

**Request No. 3**

All documents which reflect and/or evidence money earned by Plaintiff, whether received or not

(including W-2s, 1099s, paycheck stubs, ledger sheets, commission statements and/or other

statements concerning unemployment compensation, Social Security benefits, workers'

compensation, disability benefits, severance benefits, veteran's benefits, etc.), since May 8,

2003.

**RESPONSE:**

**Request No. 4**

Any and all documents which refer to, relate to, shed light upon, describe or evidence the duration, terms, conditions and/or reasons for separation, if any, of any employment Plaintiff has had since May 8, 2003.

**RESPONSE:**

**Request No. 5**

All documents which relate to any evaluation or treatment provided to Plaintiff by any of the health care professionals identified in response to Interrogatory No. 4 of EDS' First Set of Interrogatories. Alternatively, please immediately execute an Authorization for Release of Patient Health Information in the form attached hereto as Exhibit 1, and provide it to EDS' counsel.

**RESPONSE:**

**Request No. 6**

All documents relating to any claim for unemployment, disability benefits, Social Security benefits and/or Medicare or Medicaid by Plaintiff since her termination from EDS.

**RESPONSE:**

**Request No. 7**

All documents which pertain to Plaintiff's employment with EDS, whether generated by Plaintiff or other persons, including but not limited to employee handbooks, benefit handbooks, guidelines, manuals, brochures, pamphlets, and all other such publications within the possession, custody or control of Plaintiff.

**RESPONSE:**

**Request No. 8**

Any and all documents passing between Plaintiff and any former or present employee of Defendant EDS.

**RESPONSE:**

**Request No. 9**

All documents which define or describe Plaintiff's employment duties or responsibilities with

EDS, including:

        (a)      Written job descriptions;

        (b)      Job directives from management;

        (c)      Notes;

        (d)      Memoranda; or

        (e)      Logs and/or other recollections of duties performed.

**RESPONSE:**

**Request No. 10**

All tape recordings, transcripts, or notes of conversations which pertain to this action, excluding

any documents protected by the attorney-client privilege.

**RESPONSE:**

**Request No. 11**

All statements prepared by or on behalf of witnesses and identified in response to Interrogatory

No. 9 of Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**

**Request No. 12**

All documents that support, refer to or otherwise shed light upon allegations in Plaintiff's

Complaint that other employees not in Plaintiff's protected class who were Coordinators,

received higher pay, had less experience than Plaintiff, and did have as much responsibility as

Plaintiff.

**RESPONSE:**

**Request No. 13**

All documents that support, refer to or otherwise shed light upon allegations in Plaintiff's

Complaint that new hires not in Plaintiff's protected class were hired at a higher level and higher

pay when they had less experience and seniority than Plaintiff.

**RESPONSE:**

**Request No. 14**

All documents which refer to, relate to, shed light upon, describe, reflect and/or evidence any

communications Plaintiff has had with other persons pertaining to the allegations in her

Complaint.

**RESPONSE:**

**Request No. 15**

All documents Plaintiff intends to introduce as exhibits, charts, summaries, or demonstrative evidence at trial.

**RESPONSE:**

**Request No. 16**

With respect to each expert witness Plaintiff intends to call at trial, please provide any and all documents regarding the following:

      (a)    Any expert report or statement issued by the identified experts regarding their opinions or basis for their opinions;

      (b)    Any and all documents upon which the identified experts based their opinions;

      (c)    Any and all documents regarding the identified experts' qualifications for rendering such opinions;

      (d)    Copies of each expert witness' curriculum vitae;

      (e)    Any and all documents not protected by the attorney-client privilege and relevant to the use of the identified experts; and

      (f)    Any and all documents passing between Plaintiff and each potential expert witness for Plaintiff.

**RESPONSE:**

**Request No. 17**

All documents identified in or that refer or relate to Plaintiff's Answers to Defendant's Interrogatories, including documents identified in response to the Interrogatories.

**RESPONSE:**

**Request No. 18**

All documents which support or relate to Plaintiff's contention that she was proximately or otherwise caused to suffer injury in the form of non-economic damages, if any, from the conduct alleged in Plaintiff's Complaint.

**RESPONSE:**

**Request No. 19**

All documents which support or relate to Plaintiff's contention that she suffered any economic damages as a result of the conduct alleged in Plaintiff's Complaint.

**RESPONSE:**

**Request No. 20**

Copies of the pleadings and/or other documents filed in any other prior or currently pending

lawsuit, grievance, charge, complaint, Workers' Compensation claim or any other claim for

redress, filed in Plaintiff's name or on Plaintiff's behalf against any employer, past and/or

present.

**RESPONSE:**

**Request No. 21**

All documents which, although they may not be responsive to any of the above requests,

nevertheless support any of Plaintiff's claims, whether generated by Plaintiff, by EDS, or by

other persons.

**RESPONSE:**

Respectfully Submitted,

Martin T. Wymer (admitted pro hac vice)
mwymer@bakerlaw.com
Kelly M. King (admitted pro hac vice)
kking@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

Joseph P. McConnell (BBO 566412)
Leah M. Moore (BBO 658217)
Morgan Brown and Joy, LLP
One Boston Place
Boston, Massachusetts 02108
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendant
Electronic Data Systems Corporation

## **PROOF OF SERVICE**

A true copy of the foregoing was served upon Plaintiff's counsel, David M. Green,

Alford & Bertrand, 60 Arsenal Street, P.O. Box 322, Watertown, MA  02471-0322, via facsimile

and U.S. Mail, postage prepaid, on the __7th__ day of September, 2005.

Attorney for Defendant

82058, 00218, 500901625.1, Defendant's First Request for Production of Docs--Hyppolite

EXHIBIT 8

# BAKER
### &
# HOSTETLER LLP
### COUNSELLORS AT LAW

---

3200 NATIONAL CITY CENTER • 1900 EAST 9TH STREET • CLEVELAND, OHIO 44114-3485 • (216) 621-0200 • FAX (216) 696-0740

KELLY M. KING
WRITER'S DIRECT DIAL NUMBER (216) 861-7588
E-MAIL: kking@BAKERLAW.COM

December 12, 2005

**VIA FACSIMILE (617) 924-7780**

David Green
Alford & Bertrand, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322

Re: <u>Hyppolite v. EDS</u>

Dear Mr. Green:

We have received Plaintiff's Responses to EDS' Request For Production Of Documents. As we discussed at Plaintiff's deposition on December 7, 2005, we anticipate that you will provide the responsive documents by Wednesday, December 14, 2005. If I have not received the documents on the 14th (including those discussed during the course of the deposition), a motion to compel wil be filed with the Court. Of course, we will reimburse you for reasonable copying costs.

Thank you for your attention to this matter.

Sincerely,

Kelly M. King

Enclosure

cc:    Electronic Data Systems Corporation
       Leah M. Moore, Esq.

82058, 00218, 500968320.1

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON
*International Affiliates–SÃO PAULO, BRAZIL • JUÁREZ, MEXICO*
www.bakerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARJORIE HYPPOLITE, | ) | CASE NO. 1:05-cv-11011-MLW |
| | ) | |
| Plaintiff, | ) | JUDGE MARK L. WOLF |
| | ) | Magistrate Judge Leo T. Sorokin |
| v. | ) | |
| | ) | |
| ELECTRONIC DATA SYSTEMS | ) | **DEFENDANT'S MOTION TO** |
| CORPORATION, | ) | **COMPEL PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| Defendant. | ) | |
| | ) | |

NOW COMES Defendant Electronic Data Systems Corporation ("EDS"), by and through its attorneys and pursuant to Rule 37 of the Federal Rules of Civil Procedure and respectfully requests that this Honorable Court enter an Order compelling Plaintiff Marjorie Hyppolite ("Hyppolite" or "Plaintiff") to produce documents responsive to EDS' Requests for Production of Documents. In support of the present Motion, EDS submits that Plaintiff has failed to produce documents EDS has requested during discovery. In further support of the present Motion, EDS relies upon the attached Memorandum in Support as though incorporated herein by reference.

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 37.1, EDS hereby certifies that it has, through its counsel, made a good faith effort to resolve this matter with Hyppolite's counsel. Specifically, EDS' counsel has spoken and corresponded with Hyppolite's counsel on a number of occasions about her failure to produce documents in response to EDS' requests for production of documents. Although Hyppolite's counsel indicated

she would provide documents by November 29, 2005, she failed to do so. Accordingly, EDS now files this Motion.

For the reasons stated herein and in the attached Memorandum in Support, EDS respectfully requests this honorable Court grant its Motion to Compel and award $945.00 in reasonable expenses incurred in obtaining the Order.

Respectfully submitted,

*Kelly M. King*
David A. Posner (admitted *pro hac vice*)
Kelly M. King (admitted *pro hac vice*)
dposner@bakerlaw.com
kking@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

Joseph P. McConnell (BBO 566412)
Leah M. Moore (BBO 658217)
Morgan Brown and Joy, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendant
Electronic Data Systems Corporation

2