IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARJORIE HYPPOLITE, ) | CASE NO. 1:05-cv-11011-MLW |
| ) | |
| Plaintiff, ) | JUDGE MARK L. WOLF |
| ) | Magistrate Judge Leo T. Sorokin |
| v. ) | |
| ) | |
| ELECTRONIC DATA SYSTEMS ) | **MEMORANDUM IN SUPPORT OF** |
| CORPORATION, ) | **DEFENDANT'S MOTION TO** |
| ) | **COMPEL PRODUCTION OF** |
| Defendant. ) | **DOCUMENTS** |
| ) | |

## I. INTRODUCTION

Plaintiff Marjorie Hyppolite alleges that Defendant Electronic Data Systems Corporation discriminated against her because of her race and wrongfully discharged her for filing a complaint with the Massachusetts Commission Against Discrimination. Throughout pretrial discovery, EDS has attempted to ascertain the veracity of these allegations and to prepare its defense through Interrogatories and Document Requests propounded to Plaintiff. Plaintiff, however, has failed to produce *any* documents in response to EDS' requests for production, despite the relevance of the requests to her claims. As discussed below, Plaintiff's withholding of documents has prejudiced EDS in preparing its defense of this case.

## II. STATEMENT OF FACTS

On September 7, 2005, EDS served Defendant's First Set of Interrogatories to Plaintiff ("Interrogatories") and Defendant's First Request for Production of Documents to Plaintiff ("Requests for Production"). (Ex. 1, 9/7/05 letter from M. Wymer to D. Green). On October 25,

2005, Plaintiff served Answers to EDS' First Set of Interrogatories. (Ex. 2, 10/24/05 letter from D. Green to K. King). Plaintiff did not respond or object to EDS' Requests for Production.

On November 2, 2005, Ms. King wrote to Mr. Green requesting that he provide documents in response to EDS' Request for Production of Documents by Wednesday, November 9, 2005 (a full two months after EDS had served the Requests). (Ex. 3, 11/2/05 letter from K. King to D. Green). Again, Plaintiff did not respond.

On November 16, 2005, Ms. King wrote to Mr. Green about Plaintiff's overdue responses to EDS' Request for Production and asked that his client provide the responsive documents by November 29, 2005. (Ex. 4, 11/16/05 letter from K. King to D. Green). Ms. King alerted Mr. Green that EDS would seek assistance from the Court if Plaintiff did not respond by that date. (*Id.*)

On November 17, 2005, Mr. Green sent Ms. King a facsimile indicating he "intended to file discovery responses prior to November 29." (Ex. 5, 11/17/05). Unfortunately, November 29, 2005 has passed, and EDS has not received documents responsive to EDS' Requests for Production.

On December 6, 2005, Plaintiff served Responses to EDS' Requests for Production, but failed to provide responsive documents. (Ex. 6; see also Ex. 7, Defendant's First Request for Production of Documents). On December 7, 2005, EDS took Plaintiff's deposition, without the benefit of having reviewed discoverable documents in Plaintiff's possession. On December 12, 2005, Ms. King wrote to Mr. Green again requesting production of the responsive documents, as well as documents identified by Plaintiff during her deposition. (Ex. 8, 12/12/05 letter from K. King to D. Green). To date, EDS has not received any documents from Plaintiff. Faced with

an impending discovery cutoff date of January 9, 2006, EDS been prejudiced by Plaintiff's failure to provide responses to discovery requests which were served almost three months ago.

### III. LAW AND ARGUMENT

The Federal Rules of Civil Procedure grant parties broad discovery rights by permitting them to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). Rule 34 allows a party to seek the production of relevant documents by serving a request upon any party to produce and permit the inspection and copying of designated documents containing matters within the scope of Rule 26(b). Fed. R. Civ. P. 34.

If a party fails to cooperate in discovery, Rule 37 outlines the procedures available to compel that party to do so. When a party fails to respond to an interrogatory or document request, or to permit inspection of the requested documents, "upon reasonable notice to other parties and all persons affected thereby," the requesting party may move for an order compelling responses and production of the requested documents. Fed. Civ. R. 37(a)(2)(B). Rule 37 also provides that under most circumstances, the moving party, if successful, shall be awarded its reasonable expenses, including attorneys' fees incurred in making the Motion. The undersigned spent 5.25 hours preparing the present Motion and Memorandum in Support at the hourly rate of $180. Thus, EDS is seeking $945.00 in fees incurred in preparing this Motion.

### A. Plaintiff Should Be Compelled To Produce Documents Responsive To EDS' Requests For Production.

Plaintiff's refusal to provide documents in response to EDS' Requests for Production is inimical to the Federal Rules of Civil Procedure and patently unfair to EDS. Plaintiff can

provide no justification for her failure to comply with her discovery obligations and, thus, she should be compelled to provide documents responsive to EDS' Requests for Production.

## IV. **CONCLUSION**

For the reasons stated herein, EDS respectfully requests that the Court enter an Order compelling Plaintiff:

1. To produce documents responsive to EDS' Requests for Production of Documents within seven days of the Order; and

2. To pay the $945.00 in costs EDS incurred in preparing this Motion.

Respectfully submitted,

*Kelly M. King*
David A. Posner (admitted *pro hac vice*)
Kelly M. King (admitted *pro hac vice*)
dposner@bakerlaw.com
kking@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

Joseph P. McConnell (BBO 566412)
Leah M. Moore (BBO 658217)
Morgan Brown and Joy, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendant
Electronic Data Systems Corporation

## PROOF OF SERVICE

A true copy of the foregoing Motion to Compel and Memorandum in Support was served upon Plaintiff's counsel, David M. Green, Alford & Bertrand, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322, via facsimile and U.S. mail, postage prepaid, on the 19th day of December, 2005.

*Kelly M. King*
Attorney for Defendant

BARRISTERS, 82058, 00218, 500963085.2, motion to compel (hyppolite)--12-6-05